**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

James Joseph LaRosa, Leigh Ann LaRosa,
Pottsville Energy, LLC and GC1, LLC,
Defendants Below, Petitioners

**vs.)  No. 21-0958** (Upshur County 19-C-64)

David R. Rexroad and Fair Skies
Corporation,
Plaintiffs Below, Respondents

**MEMORANDUM DECISION**

Petitioners James Joseph LaRosa; Leigh Ann LaRosa; Pottsville Energy, LLC; and GC1, LLC, appeal the Circuit Court of Upshur County's January 7, 2021, order granting default judgment to Respondents David R. Rexroad and Fair Skies Corporation.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner Pottsville Energy, LLC ("Pottsville"), was a manager-managed limited liability company registered in West Virginia for which Petitioner Leigh Ann LaRosa served as the manager.[2] Ms. LaRosa was a member of GC1, LLC ("GC1") and managed that company, also. Ms. LaRosa and Pottsville failed to file the required annual reports so Pottsville was administratively dissolved by the West Virginia Secretary of State on November 1, 2015, pursuant to West Virginia Code § 31B-8-809. Respondent David Rexroad was a member of Pottsville. Between about August of 2012 and August of 2018, respondents entered into various agreements with one or more petitioners to invest, sell, or loan them money or assets. Petitioners were required

---

[1] Petitioners appeared by counsel Gregory H. Schillace, who filed their brief on February 25, 2022. Gregory H. Schillace was suspended from the practice of law on February 17, 2023. Substitute counsel has not entered an appearance. Respondents appear by counsel J. Burton Hunter, III.

[2] James J. LaRosa does not appear to be a registered officer of either Pottsville Energy, LLC, or GC1, LLC. However, in respondents' complaint, they allege that spouses Leigh Ann and James J. LaRosa "conduct business transactions as alter egos, titling property in each other's names and acting as officers and representatives of each other's companies" and that they "fail to observe corporate formalities regarding their corporations and limited liability companies."

1

to pay certain sums to respondents under those agreements. However, petitioners failed to pay the amounts agreed upon. Some of those agreements also provided that respondents would receive ownership interests in one or more businesses.

Following the administrative dissolution of Pottsville by the West Virginia Secretary of State and the failure to timely seek reinstatement, respondents filed their complaint against petitioners in the Circuit Court of Upshur County asserting that one or more petitioners obtained money by false pretenses and fraud, violated the West Virginia Uniform Securities Act, committed conversion, breached their fiduciary duty, and breached contracts. Respondents further asserted that they were entitled to damages based upon promissory estoppel. In addition, respondents sought a judicial dissolution of Pottsville; supervision of the winding up of the business; supervision of the allocation of Pottsville's assets; compensatory damages; punitive damages; and pre- and post-judgment interest. Petitioners filed answers to respondents' complaint. Respondents served discovery requests upon petitioners, including requests for admission. Petitioners failed to respond to those requests so the requested admissions were deemed admitted. Respondents also filed a motion for summary judgment as to liability, which was granted by the circuit court.

Respondents then filed a motion for default judgment in a sum certain, which was granted by the circuit court by order entered on January 7, 2021. In that order, the circuit court found that, based on affidavits and petitioners' admissions, respondents were entitled to damages in the amount of $2,508,089.45. Respondents continued with their request for dissolution of Pottsville, which was accomplished by order entered on November 23, 2021. In that order, the court judicially dissolved Pottsville and concluded that Respondent Mr. Rexroad was entitled to 47% of Pottsville's assets while the remaining 53% were awarded to the other members of Pottsville. Petitioner appeals from the January 7, 2021, order granting default in a sum certain to respondents.

Petitioners' single assignment of error on appeal is that the circuit court erred by granting respondents default judgment when petitioners had timely filed answers to the complaint. However, petitioners' failure to defend their interests below or comply with the West Virginia Rules of Appellate Procedure prevents this Court from reaching the merits of petitioners' argument. It appears from the certified docket sheet included in the record before this Court that although petitioners filed answers and amended answers to respondents' complaint, they failed to respond to respondents' request for admissions, which were deemed admitted; motion for summary judgment; or motion for default judgment in a sum certain. On appeal to this Court, the argument section of petitioners' brief is comprised of only four paragraphs without a single citation to the record. This falls far short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in relevant part:

> The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

We, therefore, decline to address petitioners' alleged error.

Affirmed.

**ISSUED:**  June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn